## Case No. 8,696.

### McCLELLAN v. WITHERS.

[4 Cranch, C. C. 668.] [1]

Circuit Court, District of Columbia. March Term, 1836.

MECHANICS' LIEN—CLAIM FILED—ACTION BEGUN—WORK PERFORMED.

A person furnishing materials and labor in the erection of a building in the city of Washington in the District of Columbia, cannot claim the benefit of the lien given by the act of congress of March 2, 1833, c. 80 [4 Stat. 659], after the expiration of two years from the commencement of the building, unless an action shall have been instituted or the claim filed in the clerk's office within three months after performing the work and furnishing the materials.

The plaintiff, on the 25th of June, 1835, filed in the clerk's office his claim against

[1] [Reported by Hon. William Cranch, Chief Judge.]

the defendant, amounting to $1,711.98, and dated November 6th, 1833, and on the 20th of July, 1835, sued out a writ of scire facias, stating the filing of his claim "in pursuance of the act of congress entitled," &c., "to be enrolled among the records of the said court, and which was so enrolled, as by the record thereof in the office of the clerk of the said court remaining, manifestly appears. And whereas the said Gustavus A. McClellan alleges that the said sum of $1,711.98 is still due to him and unpaid, and asks for a scire facias against the said John Withers for the recovery of the same; and because it is right that those things which are rightly done and transacted should be brought to a due execution: You are therefore hereby commanded that by good and lawful men of your bailiwick you give notice to the said J. W. that he be and appear before the said circuit court to be held at the city of Washington on the fourth Monday of November next, to show if he hath or can say anything for himself why the said G. A. M. ought not to have his execution against him for the said sum of $1,711.98 according to the force, form, and effect of the law aforesaid, if he shall think fit, and further to do and receive what the said court shall then and there consider concerning him in this behalf; and have you then and there the names of those by whom you shall give him notice, and this writ. Witness," &c. The defendant having appeared at the return of the scire facias, the usual judgment was entered, that the plaintiff should have his execution; whereupon a special fieri facias was issued, reciting that in pursuance of the act of congress entitled, &c., a scire facias "was sued out by a certain G. A. M. against a certain J. W. for the recovery of the sum of $1,711.98 for 179,500 bricks laid in walls by the said G. A. M. for the said J. W. in erecting or constructing the building on the south part of lots one and two," &c., (describing the situation of the houses,) "belonging to him the said J. W. And whereas afterwards, in the said circuit court begun and held," &c., "on the 4th Monday of November, 1835, the said G. A. M. by consideration of the said court had leave to issue execution against the said building erected on the said lots No. one and two," &c., "towards satisfying unto the said G. A. M. as well the said sum of $1,711.98 as also the sum of $10.53 for his costs and charges by him in that behalf laid out and expended. You are therefore hereby commanded, that, of the said building erected on the said lots, one and two," &c., "you cause to be made and levied the sums of money aforesaid, and have the same before the said circuit court, &c., on the fourth Monday of March next, to render unto the said G. A. M. the debts, costs, and damages aforesaid. Hereof fail not at your peril, and have you then and there this writ. Witness," &c. Issued 25th February, 1836.

The act of congress of March 2, 1833, c. 80

(4 Stat. 659), entitled "An act to secure to mechanics and others payment for labor done and materials furnished in the erection of buildings in the District of Columbia," after giving a lien upon all buildings, thereafter erected, for all debts contracted for labor and materials done and furnished in erecting the same, provides "that no such debt for work and materials shall remain a lien on the said houses or other buildings, longer than two years from the commencement of the building thereof, unless an action for the recovery of the same be instituted, or the claim filed, within three months after performing the work or furnishing the materials, in the office of the clerk of the court for the county in which the building shall be situated."

R. S. Coxe, moved the court to quash this execution because irregularly issued and irregularly awarded. The claim filed, upon which the scire facias was issued, shows that the work was done and the materials furnished before the 6th of November, 1833, and the claim was not filed until the 25th of June, 1835; and it is shown that the building was commenced thirty days before the 29th of June, 1833, so that the two years had expired since the commencement of the building and no suit was instituted, nor claim filed within three months after the work was done and the materials furnished. The scire facias ought to have been to show cause why judgment should not be rendered against the defendant, not to show cause why execution should not issue. There was no judgment upon which an execution could issue, and the act does not authorize an execution to be issued without a judgment. The second section only authorizes the court to render judgment, as in the case of a summons.

Z. C. Lee, for plaintiff, contended that the motion to quash the proceedings is now too late. The defendant ought to have appeared at the last term; and he cited Smith v. Woodward [Case No. 13,129], at April term, 1821, in this court; Nichols v. Fearson [Id. 10,226], in Mr. Redin's notes; Johnson v. Glover, at May term, 1825 [Id. 7,385]; and Union Bank of Georgetown v. Crittenden [Id. 14,354], at April term, 1821; Tidd, Prac. 434, 452, 470, 476.

THE COURT stopped Mr. Coxe in reply, and said that, as the plaintiff had not brought his suit, nor filed his claim within three months after the materials furnished, and two years had elapsed after the commencement of the building, (which was thirty days before the 29th of June, 1833,) and before the filing of the claim, (which was on the 25th of June, 1835,) the lien had expired before the issuing of the scire facias. Fieri facias and proceedings quashed.